A ca. sa. issued against the defendant, Benjamin, by a justice of the peace, on 1 December, 1848. At January Term of the County Court of Martin the constable returned the ca. sa. and a bond in the usual form for the appearance of the said Benjamin, to take the benefit of the insolvent law. The bond was dated 1 December, 1848, and recites that "Benjamin being then arrested," etc. Benjamin, being called, failed to appear, and a motion was made for judgment on the bond; judgment was entered accordingly, and the defendant appealed to the Superior Court. The defendant's counsel resisted the judgment in that court, and proved that the bond, although dated on 1 December, 1848, was not executed until the Monday of January court, 1849, and was dated back. The plaintiff (332) proved that the defendant had been arrested thirteen days before the court, and by an arrangement with the officer, entered into at the defendant's request, he was allowed to go at large, the officer taking his promise that he would execute the bond on the Monday of January court, which he did accordingly. His Honor gave judgment for the plaintiff, and the defendant appealed.
As the arrest in this case was made within twenty days of the January Term, the bond ought "to have been conditioned" for the debtor's appearance at April Term. This provision is made for the benefit of the debtor, to enable him to prepare his schedule and to give notice to all of his creditors. We can see no reason why this, like other benefits given by law, may not be waived, if the party see fit to do so. In this case it was agreed that, if permitted to go at large until court, he would then execute "the bond," by which we understand the bond in question, dated as of 1 December, 1848, and reciting that he was then arrested. This being voluntarily done, the party must abide by it. If the officer, upon arresting the debtor thirteen days before January court, had refused to take a bond for his appearance at April Term, and insisted upon holding the debtor in custody, unless he would execute a bond dated 1 December, and for his appearance at January Term, the bond so executed would have been void, as obtained by duress. But in this case the bond was given after the debtor was out of custody, in pursuance of an arrangement entered into at his instance. *Page 228 
Bail bonds are required to be taken in a particular form by the statute of 23 Henry VI., ch. 9; and the statute (333) declares that all bonds not taken in that form shall be void. There is no provision of the kind in reference to a ca. sa. bond taken by a constable. The debtor is left to his remedy, by motion at the appearance term, to set aside the bond, if taken contrary to law, by duress or otherwise, and has his action against the officer; but the court ought not to set aside a bond voluntarily given in pursuance of an express arrangement made for his ease and favor.
PER CURIAM. Judgment affirmed.
Cited: Robinson v. McDougald, 34 N.C. 137.